UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY GARVINS #220092,

    Plaintiff,

v.

                                                    Case No. 2:07-cv-174
                                                    HON. R. ALLAN EDGAR

DAVE BURNETT, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Special Activities Director Dave Burnett, Institutional Chaplain James Vilgos, Warden Jeffrey White, and Family Nurse Practitioner Jeri Randall. Plaintiff has filed a request for a temporary restraining order and preliminary injunction, alleging that Defendants are preventing him from receiving the diet required by his religious beliefs and have denied his request for non-smoking housing accommodations.

I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that Plaintiff's request for a temporary restraining order and preliminary injunction be denied.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

      1.    Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

      2.    Whether the movant has shown irreparable injury.

      3.    Whether the preliminary injunction could harm third parties.

      4.    Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff alleges that he is a devout and practicing Buddhist and that his religious beliefs require that he adhere to a strict vegetarian diet. On July 28, 2004, Plaintiff was approved for a religious diet by Defendant Burnett. On May 3, 2005, Plaintiff voluntarily went off his religious diet because of a serious medical condition. Plaintiff states that his right lung collapsed in November of 2004 and again in April of 2005, which required four emergency surgeries and the insertion of a chest tube. On August 25, 2005, at the conclusion of his follow-up medical treatment, Plaintiff requested that his religious diet be reinstated. On August 30, 2005, Defendant Burnett told

Plaintiff that he could reapply for the diet on August 25, 2006. On August 23, 2006, Plaintiff reapplied for the diet. On September 20, 2006, Plaintiff was transferred to the Kinross Correctional Facility (KCF) and was given a religious diet. On September 22, 2006, Plaintiff was transferred to the Ojibway Correctional Facility (OCF), where they denied him his religious diet. On October 27, 2006, Plaintiff again reapplied for the diet, but Defendant Vilgos recommended the denial of Plaintiff's request to Defendant Burnett. On October 30, 2007, Defendant Burnett denied Plaintiff's request for a Buddhist diet. Plaintiff seeks to be provided with this diet.

Plaintiff also claims that he requested smoke free housing on November 16, 2006, because of a congenital lung condition, known as "pneumothorax." Plaintiff states that none of the housing units at OCF is tobacco free because prisoners are allowed to purchase tobacco products and prisoners constantly violate the no smoking rule. Plaintiff claims that the only punishment for such violations is a minor misconduct ticket. Plaintiff further states that he was refused a medical accommodation for smoke free housing by Defendant Randall on November 21, 2006. As a result, Plaintiff suffers from labored breathing, burning eyes, irritated skin, and lack of appetite. However, as noted above, the rules prevent prisoners from smoking in the housing units and prisoners caught violating the no smoking rule are given misconduct tickets.

A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the defendants have violated his federal rights or that Plaintiff will suffer irreparable harm absent injunctive relief. Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for a temporary restraining order and preliminary injunction (Docket #7) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   January 2, 2008